UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  4:20CR506 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| WILLIAM STUBBS, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant William Stubbs's *pro se* motion for compassionate release. Doc. 72.  Upon review, the motion is DENIED.

The Sixth Circuit has previously explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted).[1]

---

1 The sentencing commission has since clarified that § 1B1.13 is in fact applicable to applications filed by prisoners.

In its recently amended compassionate-release policy statement, the Sentencing Commission lists six categories of extraordinary and compelling reasons that may support compassionate release. Those categories are (1) medical circumstances, (2) age, (3) family circumstances, (4) abuse suffered in custody involving a "sexual act" or "serious bodily injury," (5) "other reasons" similar to those in the first four categories, and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b). Such circumstances, according to the Sixth Circuit (speaking before the policy statement), are "most unusual" and "far from common." *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022 (citation omitted). And in any event, district judges retain considerable discretion to determine whether a defendant's reasons are extraordinary and compelling. *See United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

> The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of their weighing the § 3553(a) sentencing factors. District courts are encouraged to be explicit and particular with their factual reasoning when they consider the § 3553(a) factors.

*United States v. Brown*, No. 1:19-CR-129(2), 2024 WL 987528, at *3 (S.D. Ohio Mar. 7, 2024)(citations and quotations omitted).

Stubbs relies upon family circumstances in support of his motion. In that respect, Stubbs expresses a desire to care for his wife who he asserts is cancer stricken. Under § 1B1.13(1)(C), Stubbs must demonstrate, with evidence, that (1) his wife is incapacitated and (2) he would be the

2

only available caregiver for her. *See United States v. Cole*, No. 18-20237, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021) ("[D]istrict courts have routinely denied motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child." (citations omitted)); *United States v. Corley*, No. 3:13-cr-00097-9, 2021 WL 119640, at *1 (M.D. Tenn. Jan. 13, 2021) ("There is simply no factual predicate for the Court to find [that the defendant's] family circumstances constitute extraordinary and compelling grounds for compassionate release, which typically requires a finding that the Defendant is the only available caregiver." (citing *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020))); *United States v. Marshall*, No. 3:16-CR-00004-JHM, 2020 WL 114437, at *3 (W.D. Ky. Jan. 9, 2020) ("[The defendant] fails to provide evidence that [his grandfather] is incapacitated, i.e. that he cannot carry on any self-care. Additionally, the evidence does not reflect that [the defendant] is the only available caregiver for [his grandfather]." (footnote and citations omitted)).  Similar to the above, Stubbs has failed to demonstrate that his wife is incapacitated.  Accordingly, family circumstances do not support granting him release.

The Court notes that Stubbs has supplied records that his wife has had a history of thyroid cancer with treatment that included a thyroidectomy.  The records also indicate that at some point in the future she will under radioactive iodine therapy.  However, nothing in the medical records suggest incapacitation.  Moreover, in his own motion, Stubbs notes that his wife is still working – "She is so ill she can only work a few days just to pay bills."  Doc. 72 at 5.  While the Court can sympathize with Stubbs being unable to assist his wife while she undergoes treatment, there

3

is no factual basis to find her incapacitated.  As a result, there is no basis to order his compassionate release.

Based upon the above, the motion for compassionate release is DENIED.

IT IS SO ORDERED.

<u>April 17, 2025</u>                                                                  <u> /s/John R. Adams                              </u>
Date                                                                                          JOHN R. ADAMS
                                                                                                    UNITED STATES DISTRICT JUDGE